Thomas J. Meloro (TM-7668)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel: (212) 728-8000

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re Adelphia Communications Corporation, et al., | ) ) ) ) ) | Chapter 11<br><br>Case No. 02-41729 (REG)<br>(Jointly Administered) |
| Debtors. | | |
| Rembrandt Technologies, LP,<br><br>Plaintiff/Counter-defendants,<br><br>v.<br><br>Adelphia Communications Corporation;<br>Century-TCI California, LP;<br>Century-TCI California Communications, LP;<br>Century-TCI Distribution Company, LLC;<br>Century-TCI Holdings, LLC;<br>Parnassos, LP;<br>Parnassos Communications, LP;<br>Parnassos Distribution Company I, LLC;<br>Parnassos Distribution Company II, LLC;<br>Parnassos Holdings, LLC; and<br>Western NY Cablevision, LP,<br><br>Defendants/Counterclaimants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding<br>No. 06-01739 (REG) |

3444915

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS AND REORGANIZED DEBTORS IN POSSESSION ADELPHIA COMMUNICATIONS CORPORATION; CENTURY-TCI CALIFORNIA, LP; CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP; CENTURY-TCI DISTRIBUTION COMPANY, LLC; CENTURY-TCI HOLDINGS, LLC; PARNASSOS, LP; PARNASSOS COMMUNICATIONS, LP; PARNASSOS DISTRIBUTION COMPANY I, LLC; PARNASSOS DISTRIBUTION COMPANY II, LLC; AND WESTERN NY CABLEVISION, LP**

Defendants and Reorganized Debtors in Possession Adelphia Communications Corporation ("Adelphia"); Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively, "Defendants"), by their attorneys Willkie Farr & Gallagher LLP, for their answer to the Complaint for Post-Petition Patent Infringement (the "Complaint"), state as follows:

## AS TO THE PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Deny the allegations contained in paragraph 2 of the Complaint, except admit that (i) Adelphia is a corporation incorporated under the laws of Delaware having its principal place of business in Greenwood Village, Colorado; (ii) on June 25, 2002, Adelphia had its principal place of business in Coudersport, Pennsylvania; (iiii) Adelphia filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York on June 25, 2002, and its Chapter 11 case is captioned *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG); (iv) Adelphia's Chapter 11

3444915

case is pending; and (v) prior to the sale of substantially all of their assets on July 31, 2006, Defendants and their affiliates served customers in 31 states and offered analog and digital video services, high-speed Internet access and other advanced services over its broadband networks.

3. Admit the allegations contained in paragraph 3 of the Complaint, except deny that Century-TCI California, LP is an affiliate of Adelphia.

4. Admit the allegations contained in paragraph 4 of the Complaint, except deny that Century-TCI California Communications, LP is an affiliate of Adelphia.

5. Admit the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint, except deny that Century-TCI Holdings, LLC is an affiliate of Adelphia.

7. Admit the allegations contained in paragraph 7 of the Complaint, except deny that Parnassos Communications, LP is an affiliate of Adelphia.

8. Admit the allegations contained in paragraph 8 of the Complaint.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint, except deny that Parnassos Holdings, LLC is an affiliate of Adelphia.

11. Admit the allegations contained in paragraph 11 of the Complaint, except deny that Parnassos, LP is an affiliate of Adelphia.

12. Admit the allegations contained in paragraph 12 of the Complaint, except deny that Western NY Cablevision, LP is an affiliate of Adelphia.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except deny that Defendants are liable for patent infringement as alleged.

3444915

## AS TO JURISDICTION AND VENUE

14. Admit that Plaintiff purports that this is an action for patent infringement arising under the laws of the United States relating to patents, including, *inter alia*, 35 U.S.C. §§ 271, 281, 284, and 285. Admit that this Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit that prior to the sale of substantially all of their assets on July 31, 2006, Defendants and their affiliates served customers in 31 states and offered analog and digital video services, high-speed Internet access and other advanced services over its broadband networks, and deny that Defendants engaged in post-petition acts of patent infringement that have damaged Plaintiff.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that Defendants have submitted to the jurisdiction of this Court in the bankruptcy proceedings.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that venue is proper pursuant to 28 U.S.C. § 1409(a).

## AS TO COUNT I

18. In response to paragraph 18 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admit that U.S. Patent No. 5,710,761 (the "'761 patent") is entitled "Error Control Negotiation Based on Modulation" and that a copy of the '761 patent is attached to the Complaint as Exhibit A.

3444915

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

## AS TO COUNT II

23.     In response to paragraph 23 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admit that U.S. Patent No. 5,778,234 (the "'234 patent") is entitled "Method for Downloading Programs" and that a copy of the '234 patent is attached to the Complaint as Exhibit B.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

## AS TO COUNT III

28.     In response to paragraph 28 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admit that U.S. Patent No. 6,131,159 (the "'159 patent") is entitled "System for Downloading Programs" and that a copy of the '159 patent is attached to the Complaint as Exhibit C.

3444915

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

## AS TO COUNT IV

33. In response to paragraph 33 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admit that U.S. Patent No. 6,950,444 (the "'444 patent") is entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver" and that a copy of the '444 patent is attached to the Complaint as Exhibit D.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

WHEREFORE, Defendants pray that Plaintiff take nothing by its causes of action or for its costs and pray for such other relief as the Court deems just and proper.

## FULL AND COMPLETE DEFENSES

### FIRST FULL AND COMPLETE DEFENSE

The Complaint and each purported cause of action set forth in the Complaint fail to state a claim upon which relief can be granted.

## SECOND FULL AND COMPLETE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they have been asserted beyond the time allowed by the applicable statute of limitations.

## THIRD FULL AND COMPLETE DEFENSE

None of the acts or omissions alleged in the Complaint proximately caused, in whole or in part, any alleged injury that the Complaint seeks to redress.

## FOURTH FULL AND COMPLETE DEFENSE

Plaintiff is estopped from asserting each of the purported causes of action set forth in the Complaint.

## FIFTH FULL AND COMPLETE DEFENSE

Plaintiff has waived any right to assert each of the purported causes of action set forth in the Complaint.

## SIXTH FULL AND COMPLETE DEFENSE

With respect to each purported cause of action set forth in the Complaint, Plaintiff has failed to mitigate its damages.

## SEVENTH FULL AND COMPLETE DEFENSE

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of unclean hands.

## EIGHTH FULL AND COMPLETE DEFENSE

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of laches.

## NINTH FULL AND COMPLETE DEFENSE

Each of the purported causes of action set forth in the Complaint are in violation of the automatic stay provisions of 11 U.S.C. § 362(a).

3444915

## TENTH FULL AND COMPLETE DEFENSE

The '761, '234, '159, and '444 patents are invalid for failure to comply with the conditions set forth in 35 U.S.C. §§ 101 *et seq.*

## ELEVENTH FULL AND COMPLETE DEFENSE

Plaintiff has failed to plead which, if any, of Defendants' products are alleged to infringe the '761, '234, '159, and '444 patents. Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claim of the '761, '234, '159, and '444 patents, either literally or under the doctrine of equivalents.

3444915

**COUNTERCLAIMS OF DEFENDANTS AND REORGANIZED DEBTORS IN POSSESSION ADELPHIA COMMUNICATIONS CORPORATION; CENTURY-TCI CALIFORNIA, LP; CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP; CENTURY-TCI DISTRIBUTION COMPANY, LLC; CENTURY-TCI HOLDINGS, LLC; PARNASSOS, LP; PARNASSOS COMMUNICATIONS, LP; PARNASSOS DISTRIBUTION COMPANY I, LLC; PARNASSOS DISTRIBUTION COMPANY II, LLC; AND WESTERN NY CABLEVISION, LP**

## PARTIES

1. Counterclaimant Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

2. Counterclaimant Century-TCI California, LP is a partnership organized under the laws of the state of Delaware.

3. Counterclaimant Century-TCI California Communications, LP is a partnership organized under the laws of the state of Delaware.

4. Counterclaimant Century-TCI Distribution Company, LLC is a limited liability company organized under the laws of the state of Delaware.

5. Counterclaimant Century-TCI Holdings, LLC is a limited liability company organized under the laws of the state of Delaware.

6. Counterclaimant Parnassos, LP is a partnership organized under the laws of the state of Delaware.

7. Counterclaimant Parnassos Communications, LP is a partnership organized under the laws of the state of Delaware.

8. Counterclaimant Parnassos Distribution Company I, LLC is a limited liability company organized under the laws of the state of Delaware.

9. Counterclaimant Parnassos Distribution Company II, LLC is a limited liability company organized under the laws of the state of Delaware.

3444915

10.  Counterclaimant Parnassos Holdings, LLC is a limited liability company organized under the laws of the state of Delaware.

11.  Counterclaimant Western NY Cablevision, LP is a partnership organized under the laws of the state of Delaware.

12.  Counterclaimants Adelphia Communications Corporation; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP are collectively referred to in these counterclaims as "Adelphia."

13.  On information and belief, Rembrandt Technologies, LP ("Rembrandt") is a limited partnership organized under the laws of the state of New Jersey, with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

## JURISDICTION AND VENUE

14.  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

15.  Venue in this district is proper for Adelphia's counterclaims under 28 U.S.C. §§ 1391(b) and 1409(a).

3444915

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '761 PATENT

16. Adelphia incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-15 above.

17. An actual controversy exists between Adelphia and Rembrandt over Adelphia's alleged infringement and invalidity of United States Patent No. 5,710,761.

18. Adelphia has not infringed, contributorily infringed, or induced the infringement of any valid claims of the '761 patent, either literally or under the doctrine of equivalents.

19. The '761 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §§ 101 *et seq*.

20. Rembrandt's claims that Adelphia is infringing, contributorily infringing or actively inducing the infringement of the '761 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Adelphia to recover its attorney fees, costs and expenses in defending against those claims.

3444915

## COUNT II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT
### AND INVALIDITY OF THE '234 PATENT

21.     Adelphia incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-20 above.

22.     An actual controversy exists between Adelphia and Rembrandt over Adelphia's alleged infringement and invalidity of United States Patent No. 5,778,234.

23.     Adelphia has not infringed, contributorily infringed, or induced the infringement of any valid claims of the '234 patent, either literally or under the doctrine of equivalents.

24.     The '234 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §§ 101 *et seq.*

25.     Rembrandt's claims that Adelphia is infringing, contributorily infringing or actively inducing the infringement of the '234 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Adelphia to recover its attorney fees, costs and expenses in defending against those claims.

3444915

## COUNT III

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '159 PATENT

26.  Adelphia incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-25 above.

27.  An actual controversy exists between Adelphia and Rembrandt over Adelphia's alleged infringement and invalidity of United States Patent No. 6,131,159.

28.  Adelphia has not infringed, contributorily infringed, or induced the infringement of any valid claims of the '159 patent, either literally or under the doctrine of equivalents.

29.  The '159 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §§ 101 *et seq.*

30.  Rembrandt's claims that Adelphia is infringing, contributorily infringing or actively inducing the infringement of the '159 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Adelphia to recover its attorney fees, costs and expenses in defending against those claims.

3444915

## COUNT IV

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '444 PATENT

31.    Adelphia incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-30 above.

32.    An actual controversy exists between Adelphia and Rembrandt over Adelphia's alleged infringement and invalidity of United States Patent No. 6,950,444.

33.    Adelphia has not infringed, contributorily infringed, or induced the infringement of any valid claims of the '444 patent, either literally or under the doctrine of equivalents.

34.    The '444 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §§ 101 *et seq*.

35.    Rembrandt's claims that Adelphia is infringing, contributorily infringing or actively inducing the infringement of the '444 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Adelphia to recover its attorney fees, costs and expenses in defending against those claims.

### PRAYER FOR RELIEF

For the reasons set forth above, Adelphia prays for the Court's judgment that:

(i)    the '761, '234, '159 and '444 patents are invalid;

(ii)    Adelphia has not infringed, contributorily infringed, or induced the infringement of any claim of the '761, '234, '159 and '444 patents;

(iii)    Plaintiff's Complaint be dismissed with prejudice;

(iv)    Plaintiff takes nothing by reason of its claims against Adelphia;

- 14 -

(v)    this case is exceptional and entitles Adelphia to an award of its attorney fees, costs and expenses under 35 U.S.C. § 285; and

(vi)   such other and further relief at law or equity be granted to Adelphia as the Court may deem just and proper.

Date: November 27, 2006

_____
Thomas J. Meloro (TM-7668)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel: (212) 728-8000

*Attorneys for Defendants/Counter-Claimants
and Reorganized Debtors in Possession
Adelphia Communications Corporation;
Century-TCI California, LP;
Century-TCI California Communications, LP;
Century-TCI Distribution Company, LLC;
Century-TCI Holdings, LLC;
Parnassos, LP;
Parnassos Communications, LP;
Parnassos Distribution Company I, LLC;
Parnassos Distribution Company II, LLC;
Parnassos Holdings, LLC;
Western NY Cablevision, LP*

3444915

# CERTIFICATE OF SERVICE

I, Mark A. Ryan, declare that on November 27, 2006, I caused to be served true and correct copies of the following:

    1.    ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS AND REORGANIZED DEBTORS IN POSSESSION ADELPHIA COMMUNICATIONS CORPORATION; CENTURY-TCI CALIFORNIA, LP; CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP; CENTURY-TCI DISTRIBUTION COMPANY, LLC; CENTURY-TCI HOLDINGS, LLC; PARNASSOS, LP; PARNASSOS COMMUNICATIONS, LP; PARNASSOS DISTRIBUTION COMPANY I, LLC; PARNASSOS DISTRIBUTION COMPANY II, LLC; AND WESTERN NY CABLEVISION, LP

upon the following persons in the manner described below:

**By Federal Express (Next Business Day):**

James L. Garrity, Jr., Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

*Attorneys for Plaintiff*

**By Federal Express (Next Business Day):**

Joseph S. Grinstein, Esq.
Susman Godfrey LLP
1000 Louisiana
Suite 5100
Houston, TX 77002-5096

*Attorneys for Plaintiff*

Executed this 27th day of November, 2006, at New York, New York.

_____
Mark A. Ryan