**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC. | ) ) ) ) ) ) ) | Civil Action No. 07-752-GMS |
| Plaintiffs, | ) ) | |
| v. | ) | |
| REMBRANDT TECHNOLOGIES, LP, | ) ) | |
| Defendant. | ) ) | |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | ) ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, INC., COX | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

{00828407;v1}

ENTERPRISES, INC., CSC HOLDINGS,         )
INC., CABLEVISION SYSTEMS                 )
CORPORATION, ADELPHIA                     )
COMMUNICATIONS CORPORATION,               )
CENTURY-TCI CALIFORNIA                    )
COMMUNICATIONS, LP, CENTURY-TCI           )
HOLDINGS, LLC, COMCAST OF                 )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a         )
PARNASSOS, LP), COMCAST OF                )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-     )
TCI CALIFORNIA, L.P.), PARNASSOS          )
COMMUNICATIONS, LP, ADELPHIA              )
CONSOLIDATION, LLC, PARNASSOS             )
HOLDINGS, LLC, and WESTERN NY             )
CABLEVISION, LP,                          )
                                          )
             Counter-Defendants.          )
                                          )
_____     )

## AMENDED REPLY OF ADELPHIA COMMUNICATIONS CORPORATION and ADELPHIA CONSOLIDATION, LLC TO COUNTERCLAIMS OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM; AND COUNTER-COUNTERCLAIMS

Counter-Defendants Adelphia Communications Corporation and Adelphia Consolidation, LLC (collectively the "Adelphia-Related Counter-Defendants"), by their attorneys Kasowitz, Benson, Torres & Friedman LLP and Bayard P.A., submit this Amended Reply and Counter-Counterclaims to the Counterclaims of Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies, LLC, d/b/a/ Remstream (collectively "Rembrandt") as follows:

Except as expressly admitted herein, the Adelphia-Related Counter-Defendants deny each and every allegation in the Counterclaims of Rembrandt.

## THE PARTIES

1.    Admitted, upon information and belief.

2.    Upon information and belief, Rembrandt Technologies, LLC is a limited liability company with a place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore deny them.

3.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore deny them.

4.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore deny them.

5.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore deny them.

6.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore deny them.

7.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore deny them.

8.      The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore deny them.

9.      The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore deny them.

10.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore deny them.

11.     Denied that Plaintiff/Counter-Defendants currently sell cable equipment to the Adelphia-Related Counter-Defendants, and that the Adelphia-Related Counter-Defendants currently sell and/or lease some of the cable equipment and/or include the equipment in their networks for the provision of high speed internet, cable, broadband and/or other services.  With respect to all other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny them.  No response is required to the other allegations in this paragraph 11.

12.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny them.

13.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore deny them.

14.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore deny them.

15.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore deny them.

16.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore deny them.

17.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore deny them.

18.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore deny them.

19.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore deny them.

20.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore deny them.

21.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore deny them.

22.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore deny them.

23.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore deny them.

24.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore deny them.

25.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore deny them.

26.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore deny them.

27.     Admit that (i) Adelphia is a corporation incorporated under the laws of Delaware having its principal place of business in Greenwood Village, Colorado; (ii) on June 25, 2002, Adelphia had its principal place of business in Coudersport, Pennsylvania; (iii) Adelphia filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York on

June 25, 2002, with its Chapter 11 case captioned *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG); (iv) prior to the sale of substantially all of their assets on July 31, 2006, Adelphia-Related Counter-Defendants and their affiliates offered analog and digital video services, high-speed Internet access and other services; and (v) Adelphia's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.   Any other or different allegations in this paragraph are denied or do not require a response.

28.    Deny that Century-TCI California Communications, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.   Admit that on June 25, 2002, Century-TCI California Communications filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28, and therefore deny them.

29.    Deny that Century-TCI Holdings, LLC is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.   Admit that on June 25, 2002, Century-TCI Holdings, LLC filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29, and therefore deny them.

30.    Deny that Parnassos, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-

41729.  Admit that on June 25, 2002, Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and therefore deny them.

31.    Deny that Century-TCI California is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and therefore deny them.

32.    Deny that Parnassos Communications, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Parnassos Communications, LP Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32, and therefore deny them.

33.    Admit the allegations contained in paragraph 33 of the Complaint, except deny that Century-TCI Distribution Company filed a petition in bankruptcy on June 25, 2002.

34.     Deny that Parnassos Holdings, LLC is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Parnassos Holdings, LLC filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34, and therefore deny them.

35.     Deny that Western NY Cablevision, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Western NY Cablevision, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35, and therefore deny them.

36.     Admit that on September 13, 2006, Rembrandt commenced an adversary proceeding naming as defendants Adelphia Communications Corporation; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP, and filed an administrative proof of claim in the Bankruptcy Court for the Southern District of New York.  Denied that all these entities are affiliates of Adelphia.  Further admit that Rembrandt states that it intends to assert the same causes of action that Rembrandt

previously asserted in the Adversary Proceeding and it seeks to obtain the same recovery. Any and all other allegations in this paragraph are denied or do not require a response.

## JURISDICTION AND VENUE

37.    Admit that Rembrandt has filed an action for patent infringement.

38.    Admit that subject matter jurisdiction exists under 28 U.S.C §§ 1331 and 1338(a).

39.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore deny them.

40.    Admit that the Adelphia-Related Counter-Defendants are Delaware entities.  Any other allegations are denied or do not require a response.

41.    The Adelphia-Related Counter-Defendants deny that Rembrandt's counterclaims, as asserted against the Adelphia-Related Counter-Defendants, should be resolved in this judicial district as part of the trial of the equipment manufacturer declaratory judgment claims.  Pursuant to the first-filed rule, Rembrandt's Counterclaims against the Adelphia-related Counter-Defendants should be stayed, dismissed, and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants will brief this issue pursuant to the guidelines set forth in Judge Sleet's December 12, 2007 Order in MDL Docket No. 07-md-1848 (GMS).  With respect to all other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

## COUNT I - U.S. PATENT NO. 4,937,819

42.    The responses to paragraphs 1-41 are hereby incorporated by reference.

43.    Admit that U.S. Patent No. 4,937,819 (the "'819 patent") is entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" and that a copy of the '819 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit A.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint, and therefore deny them.

44.    Admit that the issue date listed on the '819 patent is June 26, 1990.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint, and therefore deny them.

45.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and therefore deny them.

46.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and therefore deny them.

47.    Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '819 patent.  With respect to the other Counter-

Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and therefore deny them.

48.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '819 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and therefore deny them.

### COUNT II - U.S. PATENT NO. 5,008,903

49.    The responses to paragraphs 1-48 are hereby incorporated by reference.

50.    Admit that U.S. Patent No. 5,008,903 (the "'903 patent") is entitled "Adaptive Transmit Pre-Emphasis For Digital Modem Computed from Noise Spectrum" and that a copy of the '903 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit B.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint, and therefore deny them.

51.    Admit that the issue date listed on the '903 patent is April 16, 1991.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint, and therefore deny them.

52.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 52, and therefore deny them.

53.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and therefore deny them.

54.    Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore deny them.

55.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and therefore deny them.

## COUNT III - U.S. PATENT NO. 5,710,761

56.    The responses to paragraphs 1-55 are hereby incorporated by reference.

57.    Admit that U.S. Patent No. 5,710,761 (the "'761 patent") is entitled "Error Control Negotiation Based on Modulation" and that a copy of the '761 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit C. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore deny them.

58.    Admit that the issue date listed on the '761 patent is January 20, 1998. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint, and therefore deny them.

59.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and therefore deny them.

60.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and therefore deny them.

61.    Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

62.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '761 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and therefore deny them.

63.    Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

### COUNT IV - U.S. PATENT NO. 5,719,858

64.    The responses to paragraphs 1-63 are hereby incorporated by reference.

65.    Admit that U.S. Patent No. 5,719,858 (the "'858 patent") is entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") and that a copy of the '858 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit D. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Complaint, and therefore deny them.

66.    Admit that the issue date listed on the '858 patent is February 17, 1998. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of the Complaint, and therefore deny them.

67.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and therefore deny them.

68.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and therefore deny them.

69.    Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and therefore deny them.

70.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and therefore deny them.

## COUNT V - U.S. PATENT NO. 5,778,234

71.    The responses to paragraphs 1-70 are hereby incorporated by reference.

72.    Admit that U.S. Patent No. 5,778,234 (the "'234 patent") is entitled "Method for Downloading Programs" and that a copy of the '234 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit E. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and therefore deny them.

73.    Admit that the issue date listed on the '234 patent is July 7, 1998.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 73 of the Complaint, and therefore deny them.

74.     Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and therefore deny them.

75.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and therefore deny them.

76.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

77.     Admit that the Adelphia-Related Counter-Defendants will not infringe the '234 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and therefore deny them.

78.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

{00828407;v1}

## COUNT VI - U.S. PATENT NO. 5,852,631

79.    The responses to paragraphs 1-78 are hereby incorporated by reference.

80.    Admit that U.S. Patent No. 5,852,631 (the "'631 patent") is entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" and that a copy of the '631 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit F.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Complaint, and therefore deny them.

81.    Admit that the issue date listed on the '631 patent is December 22, 1998. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81 of the Complaint, and therefore deny them.

82.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, and therefore deny them.

83.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, and therefore deny them.

84.    Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '631 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and therefore deny them.

85.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '631 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85, and therefore deny them.

## COUNT VII - U.S. PATENT NO. 6,131,159

86.    The responses to paragraphs 1-85 are hereby incorporated by reference.

87.    Admit that U.S. Patent No. 6,131,159 (the "'159 patent") is entitled "System for Downloading Programs" and that a copy of the '159 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit G. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and therefore deny them.

88.    Admit that the issue date listed on the '159 patent is October 10, 2000. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the Complaint, and therefore deny them.

89.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants

currently sell, lease or use that equipment. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and therefore deny them.

90.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and therefore deny them.

91.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

92.     Admit that the Adelphia-Related Counter-Defendants will not infringe the '159 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, and therefore deny them.

93.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

### COUNT VIII - U.S. PATENT NO. 6,950,444

94.     The responses to paragraphs 1-93 are hereby incorporated by reference.

95.     Admit that U.S. Patent No. 6,950,444 (the "'444 patent") is entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-

Carrier Transceiver" and that a copy of the '444 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit H. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, and therefore deny them.

96.     Admit that the issue date listed on the '444 patent is September 27, 2005. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96 of the Complaint, and therefore deny them.

97.     Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and therefore deny them.

98.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and therefore deny them.

99.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

100.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '444 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and therefore deny them.

101.    Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

## PRAYER FOR RELIEF

The Adelphia-Related Counter-Defendants request that Rembrandt take nothing by its Counterclaims and that the relief requested in Rembrandt's Prayer for Relief be denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Counter-Plaintiffs' Counterclaims and each purported cause of action set forth in the Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, to the extent they have been asserted beyond the time allowed by the applicable statute of limitations.

### THIRD DEFENSE

None of the acts or omissions alleged in Counter-Plaintiffs' Counterclaims proximately caused, in whole or in part, any alleged injury that the Counterclaims seek to redress.

## FOURTH DEFENSE

Counter-Plaintiffs are estopped from asserting each of the purported causes of action set forth in the Counterclaims.

## FIFTH DEFENSE

Counter-Plaintiffs have waived any right to assert each of the purported causes of action set forth in the Counterclaims.

## SIXTH DEFENSE

With respect to each purported cause of action set forth in the Counterclaims, Counter-Plaintiffs have failed to mitigate their damages.

## SEVENTH DEFENSE

Each of the purported causes of action set forth in the Counterclaims is barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Each of the purported causes of action set forth in the Counterclaims is barred by the doctrine of laches.

## NINTH DEFENSE

Each of the purported causes of action set forth in the Counterclaims are in violation of the automatic stay provisions of 11 U.S.C. § 362(a), and/or have been discharged in bankruptcy.

## TENTH DEFENSE

The '761, '234, '159, and '444 patents are invalid for failure to comply with the conditions set forth in 35 U.S.C. § § 101 *et seq*.

## ELEVENTH DEFENSE

Counter-Plaintiffs have failed to plead which, if any, of Counter-Defendants' products are alleged to infringe the '761, '234, ' 159, and '444 patents. The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claim of the '761, '234, '159, and '444 patents, either literally or under the doctrine of equivalents.

## TWELFTH DEFENSE

Counter-Plaintiffs' claims for relief are barred in whole or in part by the equitable doctrine of prosecution history estoppel, and any disclosed but unclaimed embodiments are dedicated to the public.

## THIRTEENTH DEFENSE

Counter-Plaintiffs are not entitled to alleged damages due to their failure to plead and, on information and belief, their inability to prove compliance with 35 U.S.C. § 287 provisions of patent marking and pre-suit notice.

## FOURTEENTH DEFENSE

Counter-Plaintiff Remstream lacks standing to bring the instant counterclaims.

## FIFTEENTH DEFENSE

Counter-Plaintiffs' claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

## SIXTEENTH DEFENSE

On information and belief, a reasonable opportunity for discovery will show that one or more of the claims of the patents-in-suit are invalid and/or unenforceable because of incorrect claims of inventorship.

{00828407;v1}

## SEVENTEENTH DEFENSE

One or more of the claims of the patents-in-suit are invalid for double patenting.

## EIGHTEENTH DEFENSE

The patents-in-suit are invalid for patent misuse.

## NINETEENTH DEFENSE

Rembrandt's counterclaims, as asserted against the Adelphia-Related Counter-Defendants, should not be resolved in this judicial district as part of the trial of the equipment manufacturer declaratory judgment claims. Pursuant to the first-filed rule, Rembrandt's Counterclaims against the Adelphia-related Counter-Defendants should be stayed, dismissed, and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York. The Adelphia-Related Counter-Defendants will brief this issue pursuant to the guidelines set forth in Judge Sleet's December 12, 2007 Order in MDL Docket No. 07-md-1848 (GMS).

## TWENTIETH DEFENSE

The claims of the '761, '444, '159 and '234 patents are unenforceable due to the inequitable conduct of one or more named inventors and/or others having substantive involvement in the prosecution of the foregoing patents. These individuals, subject to the duty of candor under 37 C.F.R. 1.56, committed inequitable conduct by engaging in a pattern and practice of withholding or misstating material information with intent to deceive the United States Patent & Trademark Office. The particulars of this inequitable conduct are pled in Count V of the Counter-counterclaims, incorporated herein by reference.

{00828407;v1}

## AMENDED COUNTER-COUNTERCLAIMS OF THE
## ADELPHIA-RELATED COUNTER-DEFENDANTS

As stated above, the Adelphia-Related Counter-Defendants' position is that Rembrandt's counterclaims against them should be stayed, dismissed and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.  In the event the Rembrandt counterclaims are not resolved in this manner, however, the Adelphia-Related Counter-Defendants, in the alternative, plead the following counter-counterclaims.

### PARTIES

1.    Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

2.    Adelphia Consolidation LLC is a limited liability company organized under the laws of the state of Delaware.

3.    Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA  19004.

4.    Upon information and belief, Rembrandt Technologies LLC is a Delaware LLC and has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA  19004.

### JURISDICTION AND VENUE

5.    Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

6.    This court has personal jurisdiction over Rembrandt Technologies, LP and Rembrandt Technologies LLC because they have submitted to the jurisdiction of this Court.

{00828407;v1}

7.      As stated above, pursuant to the first-filed rule, Rembrandt's Counterclaims against the Adelphia-related Counter-Defendants should be stayed, dismissed, and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.  However, in the event that the Rembrandt counterclaims against the Adelphia-Related Counter-Defendants are not stayed, dismissed and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York, then venue in this district would be proper under 28 U.S.C. §1391(b) and §1409.

## COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '761 PATENT

8.      The allegations made in its Affirmative Defenses and in Paragraphs 1-7 above are incorporated herein by reference.

9.      An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,710,761.

10.     The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '761 patent, either literally or under the doctrine of equivalents.

11.     The '761 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq.*

12.     Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '761 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the

Adelphia-Related Counter-Defendant to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '234 PATENT

13.     The allegations made in its Affirmative Defenses and in Paragraphs 1-12 above are incorporated herein by reference.

14.     An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,778,234.

15.     The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '234 patent, either literally or under the doctrine of equivalents.

16.     The '234 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq.*

17.     Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '234 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT III

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '159 PATENT

18.    The allegations made in its Affirmative Defenses and in Paragraphs 1-17 above are incorporated herein by reference.

19.    An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,131,159.

20.    The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '159 patent, either literally or under the doctrine of equivalents.

21.    The '159 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq.*

22.    Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '159 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT IV

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '444 PATENT

23.     The allegations made in its Affirmative Defenses and in Paragraphs 1-22 above are incorporated herein by reference.

24.     An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,950,444.

25.     The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '444 patent, either literally or under the doctrine of equivalents.

26.     The '444 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq*.

27.     Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '444 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT V

### DECLARATORY JUDGMENT OF UNENFORCEABILITY
### DUE TO INEQUITABLE CONDUCT

28.    The allegations made in its Affirmative Defenses and in Paragraphs 1-27

above are incorporated herein by reference.

29.    An actual and justiciable controversy exists between the Adelphia

Counter-Defendants and Rembrandt regarding the enforceability of the '761, '444, '159

and '234 patents.

30.    Individuals subject to the duty of candor under 37 C.F.R. 1.56

("Applicants"), including named inventors in the applications referenced below and

employees with substantive involvement in the filing and/or prosecution of patent

applications for Paradyne entities, engaged in inequitable conduct by engaging in a

pattern and practice of withholding or misstating material information with intent to

deceive the United States Patent & Trademark Office ("USPTO") in connection with

patent prosecution of the '761, '234, '159, and '444 patents.   On multiple occasions,

Applicants failed to disclose their own previously issued patents that comprised material

prior art, failed to disclose material information regarding their own co-pending

applications for patents, failed to disclose prior art that was known to them through the

prosecution of their own patents and applications, and failed to disclose their own

systems that were on-sale prior to the relevant critical dates.   In addition to nondisclosure,

Applicants in the prosecution chain of the '159 and '234 patents provided affirmative

misstatements as set forth below.   Accordingly, Applicants engaged in an overall pattern

and practice of repeatedly and continuously failing to disclose to the USPTO material

information of which Applicants were indisputably aware.    The permeation and

continuation of this misconduct throughout prosecution of multiple patent applications confirms that Applicants acted with deceptive intent rendering the patents unenforceable. Further, the doctrine of infectious unenforceability renders related patents unenforceable.

31.    More specifically, during prosecution of the '761 patent, Applicants engaged in inequitable conduct before the USPTO, rendering the '761 patent unenforceable by withholding and failing to disclose material information with intent to deceive including the following acts:

(a)    By way of example, MPEP § 2001.06(b) states that "there is a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other co-pending United States applications which are "'material to patentability' of the application in question." The MPEP cites to caselaw providing that "[W]e think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application . . . [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent." The MPEP provides express examples of material information as to other co-pending applications, stating "[f]or example, if a particular inventor has different applications pending in which similar subject matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in another subsequent

application if such prior art references are "'material to patentability' of the subsequent application."

(b)      Notwithstanding these clear obligations, during prosecution, Applicants repeatedly failed to disclose material information within their knowledge as to co-pending applications of which they were aware.  One or more Applicants were aware of and failed to disclose, without limitation, co-pending application 08/780,762 ("the '762 application," now the '631 patent, which is now commonly asserted here along with the '761 patent).  The Applicants for the '761 patent failed to identify the '762 application or its claims to the examiner in the prosecution of the '761 patent.  The '762 application was never disclosed on any IDS that was submitted in the '761 patent or otherwise made of record in the '761 patent.  Information relating to the '762 application and its claims was material to patentability.  One or more Applicants were aware of the '762 application.  Robert Scott was aware of the co-pendency of his applications.  In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel were substantively involved in the filing or prosecution of the '761 patent and were aware of the '762 application.  Material information relating to the '762 application was withheld with intent to deceive the USPTO as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

(c)      Further, Applicants failed to disclose in prosecution of the '761 patent, the prior art of record from the '762 application, as well as the prior art of record from

Application Nos. 08/781,787, now issued as 5,751,796 ("Rapid Startup Protocol For Communication Between a Plurality of Modems"), to Scott and Zuranski, 08/781,067, now issued as 5,796,808 ("System and Method for Automatically Selecting the Mode of Communication between a Plurality of Modems"), to Scott and Lastinger Jr., 08/457,881, now issued as 5,793,809 ("Transparent Technique for Mu-Law Modems to Detect an All-Digital Circuit Connection"), to Holmquist, 08/912,126, now issued as 6,081,556 ("Transparent Technique for Mu-Law Modems to Detect an All-Digital Circuit Connection"), to Holmquist, and 08/978,536, now issued as 5,349,635 ("Half-Duplex or Full-Duplex Automode Operation for use in Data Communications Equipment"), to Scott (the "'761 Co-Pending Applications"). One or more Applicants were aware of the '761 Co-Pending Applications. Several of the '761 Co-Pending Applications include Robert Scott as a named inventor, and in the case of the '761 and '631 patents, he is the sole named inventor on both. Robert Scott was aware of the co-pendency of his applications. In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel were substantively involved in the filing or prosecution of the '761 patent and were aware of the '761 Co-Pending Applications.

(d)     The prior art of record from the '761 Co-Pending Applications that Applicants failed to disclose, includes without limitation U.S. Patent Nos. 4,905,282 ("Feature Negotiation Protocol and Dynamically Adjustable Retraining Sequence for a High Speed Half Duplex Modem"), to McGlynn and Nash ("McGlynn"), 5,528,679 ("Automatic Detection of Digital Call Paths in a

Telephone System"), to Taarud ("Taarud"), 4,680,773 ("Data Telecommunications System"), to Amundson ("Amundson"), and 4,782,498 ("Modem with Improved Handshaking Capability"), to Copeland, III ("Copeland") (the "'761 Co-Pending Art"). The '761 Co-Pending Art was material to the patentability of the '761 patent. Applicants for the '761 patent failed to identify any of '761 Co-Pending Art to the examiner in the prosecution of the '761 patent. Applicants were aware of the '761 Co-Pending Art. Robert Scott is the same and only named inventor on both the '631 and the '761 patents. Further, McGlynn was cited by the Examiner of the '631 patent in a Detailed Office Action and accompanying Notice of References Cited mailed on 9/12/97. The Applicants attempted to distinguish McGlynn in a First Response with Amendments on October 23, 1997. Notwithstanding the October 23, 1997 response, the PTO issued a Detailed Action rejecting the claims in the '631 patent based upon McGlynn in an office action dated November 18, 1997, while the application for the '761 patent remained co-pending, and Applicants nevertheless failed to disclose McGlynn in prosecution of the '761 patent. Further, Applicants for the '761 patent failed to disclose in prosecuting the '761 patent the office actions and responses from the co-pending '631 patent. In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel substantively involved in the filing or prosecution of the '761 patent were aware of the '761 Co-Pending Art, as well as U.S. Patent Nos. 5,600,712 ("Enabling Technique for Quickly Establishing High Speed PSTN Connections In Telecommuting Applications"), to Hanson, 5,577,105

("Telephone Call Routing and Switching Techniques for Data Communications"), to Baum, and 5,127,041 ("System and Method for Interfacing Computers to Diverse Telephone Networks"), to O'Sullivan. The undisclosed information described herein was material to patentability of the '761 patent and was withheld with intent to deceive the PTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

32. Additional instances of misconduct occurred in prosecution of the '444 patent, where Applicants engaged in inequitable conduct before the USPTO rendering the patent unenforceable by withholding and failing to disclose material information with intent to deceive including the following acts:

(a) By way of example, MPEP § 2001.06(b) states that "there is a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other co-pending United States applications which are '"material to patentability' of the application in question." The MPEP cites to caselaw providing that "[W]e think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application . . . [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent." The MPEP provides express examples of material information as to other co-pending applications, stating "[f]or example, if a particular inventor has different applications pending in which similar subject

matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications.   Similarly, the prior art references from one application must be made of record in another subsequent application if such prior art references are "'material to patentability' of the subsequent application."

(b)     By way of further example, during prosecution of the '444 patent application, Applicants repeatedly failed to disclose information within their knowledge as to material prior art of which they were aware, including without limitation U.S. Patent No. 5,369,703 ("Command and Control Signalling Method and Apparatus"), to Archibald, Davis and Holmquist; and U.S. Patent No. 4,864,617 ("System and Method for Reducing Deadlock Conditions Caused By Repeated Transmission of Data Sequences Equivalent to Those Used for Inter-Device Signalling"), to Holmquist.

(c)     In addition, on information and belief, a reasonable opportunity for discovery will show that one or more Applicants was aware of U.S. Patent Nos. 3,978,407 ("Fast Start-Up Adaptive Equalizer Communication System Using Two Data Transmission Rates"), to Forney and Hart.   Applicants failed to disclose this patent to the USPTO in prosecution of the '444 patent.   This reference was material to patentability of the '444 patent.   On information and belief, a reasonable opportunity for discovery will show that Applicants knew of and withheld this reference with intent to deceive the USPTO, as is particularly shown

by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

(d)    In addition, on information and belief a reasonable opportunity for discovery will show that Paradyne offered for sale MVL technology more than one year before applying for the '444 patent, that was material to the '444 patent, but failed to disclose those sales as prior art to the USPTO. The withheld information was material to patentability and, on information and belief a reasonable opportunity for discovery will show that this information was withheld with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

33.    Additional instances of misconduct occurred during the prosecution of the '159 patent, where Applicants engaged in inequitable conduct before the USPTO rendering the patent unenforceable by omitting and misstating material information with intent to deceive including the following acts:

(a)    In prosecution of the '159 patent, the USPTO repeatedly rejected pending claims due to prior art, including without limitation references to Lang and Mori. In response to these and other rejections, Applicants represented that claims required and that they had invented a system that included a "displacement multibit memory address." However, Applicants lacked support for the invention as represented to the USPTO. Applicants misstated and omitted this material information with intent to deceive the USPTO into issuing the claims. These material misstatements and omissions were made with intent to deceive, as further

confirmed by the pattern and practice of inequitable conduct alleged throughout this Affirmative Defense.  Further, the '234 patent is a divisional of the '159 patent, refers back to acts occurring in prosecution of the '159 patent, and is infected by the unenforceabilty associated with the '159 patent.

(b)     In addition, on information and belief, a reasonable opportunity for discovery will show that the Applicants offered the invention on-sale or placed it in public use more than one year before the application date, and applicants withheld this information which was material to patentability with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

## PRAYER FOR RELIEF

For the reasons set forth above,  the Adelphia-Related Counter-Defendants pray for the Court's determination that the Rembrandt counterclaims should be stayed, dismissed or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.

If the Court does not so determine, the Adelphia-Related Counter-Defendants pray, in the alternative, that the Court enters judgment that:

(i)     The '761, '234, '159, and '444 patents are invalid;

(ii)     The '761, '234, '159 and '444 patents are unenforceable;

(iii)     The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any claim of the '761, '234, '159 or '444 patents;

{00828407;v1}

(iv)     Rembrandt's Counterclaims against the Adelphia-Related Counter-Defendants be dismissed with prejudice;

(v)     Rembrandt takes nothing by reason of its Counterclaims against the Adelphia-Related Counter-Defendants;

(vi)     This case is exceptional and entitles the Adelphia-Related Counter-Defendants to an award of its attorney fees, costs and expenses under 35 U.S.C. § 285; and

(vii)     Such other and further relief at law or equity as the Court may deem just and proper.


Dated: April 11 , 2008                          BAYARD, PA.

OF COUNSEL:                          /s/ Stephen B. Brauerman (sb4952)
                                     Richard D. Kirk (#0922)
Peter J. Toren                       Scott G. Wilcox (#3882)
Lawrence B. Goodwin                  Stephen B. Brauerman (#4952)
Monica V. Bhattacharyya              222 Delaware Avenue, Suite 900
Stefan R. Stoyanov                   P. O. Box 25130
Kasowitz, Benson, Torres & Friedman LLP   Wilmington, DE  19899
1633 Broadway                        rkirk@bayardlaw.com
New York, NY  10019                  swilcox@bayardlaw.com
                                     sbrauerman@bayardlaw.com

                                     Attorney for Counter-Defendants
                                     Adelphia Communications Corporation
                                     and Adelphia Consolidation LLC